UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK KINNEY,

          Petitioner,

v.

CONNIE HORTON,

          Respondent.

                                    /

Case No. 2:17-cv-11545

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER HOLDING PETITION FOR
WRIT OF HABEAS CORPUS IN ABEYANCE AND CLOSING THE CASE**

Petitioner Patrick Kinney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. He argued that his sentence of life imprisonment with the possibility of parole for second-degree murder, imposed for a crime committed when he was sixteen-years old, is unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012). ECF 1, PgID 16–17. Kinney has not exhausted his state court remedies for the claims raised in his petition. The Court will therefore hold this proceeding in abeyance pending completion of the state court review process and will administratively close the case.

**BACKGROUND**

In 1995, Kinney pleaded guilty to second-degree murder for the stabbing death of Michael Melfi. ECF 11-2, PgID 381. Kinney, 16 years old at the time of the murder, was charged and sentenced as an adult. ECF 11-6, PgID 677. On January 7, 1997, Kinney was sentenced to life imprisonment with the possibility of parole. ECF 11-7,

PgID 702. The Michigan Court of Appeals denied Kinney's application for leave to appeal. *People v. Kinney*, No. 208731 (Mich. Ct. App. May 21, 1998). ECF 11-28, PgID 1147. Kinney did not seek leave to appeal in the Michigan Supreme Court. *See* ECF 11-35.

Kinney also sought relief in federal court multiple times. His first habeas corpus petition, filed in 2001, was denied on the merits. *See Kinney v. Jamrog*, No. 01-cv-71124, ECF 24 (E.D. Mich. Apr. 23, 2002). But in 2008, the Sixth Circuit Court of Appeals authorized Kinney to file a second habeas corpus petition, which was assigned to the Honorable Avern Cohn. *Kinney v. McQuiggin*, No. 2:08-cv-11044, 2008 WL 5188734, at *2 (E.D. Mich. Dec. 9, 2008). Kinney's second petition challenged his sentence under *Roper v. Simmons*, 543 U.S. 551 (2005), which held unconstitutional the execution of those who are under the age of eighteen at the time of their offense. *Id.* at *4. Judge Cohn denied the petition, *id.* at *5, and the Court of Appeals denied a certificate of appealability, *Kinney v. McQuiggin*, No. 08-2645, ECF 21 (6th Cir. Aug. 6, 2009).

In 2013, Kinney sought leave to file a third habeas petition, relying on *Miller*, 567 U.S. 460. In *Miller*, the Supreme Court held that a sentence of mandatory life without parole for juveniles violated the Eighth Amendment. *Id.* at 479. But the Sixth Circuit denied Kinney's motion because the Supreme Court had not yet held that *Miller* applied retroactively. *See in re: Kinney*, No. 13-1806, ECF 19 (6th Cir. Jan. 14, 2014).

In 2016, the Supreme Court held that *Miller* applied retroactively. *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016). Based upon the *Montgomery* decision, Kinney sought, and was granted, leave to file a successive habeas petition. *In re: Kinney*, No. 16-1787, ECF 5 (6th Cir. May 3, 2017).

Kinney then filed the present petition and raised two claims. First, he alleged that the sentencing judge did not consider Kinney's diminished culpability and "capacity for change" when he imposed "a sentence that [did] not provide some meaningful opportunity for release, in violation of the Eighth Amendment." ECF 7-1, PgID 212. Second, Kinney averred that his sentence was disproportionate and violated the Eighth Amendment because his crime did not "reflect irreparable corruption." *Id.* at 251.

After he filed the pending petition, Kinney filed a motion for relief from judgment in the state trial court.[1] *See People v. Kinney*, No. 95-052345, Dkt. Entry No. 126 (Genesee Cty. Cir. Ct. Oct. 29, 2018). A copy of Kinney's motion for relief from judgment has not been filed in this Court, but the state trial court's docket summarized the claims raised: the motion is "based on newly discovered evidence & the retroactive change in law announced in *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016)." *Id.* On June 27, 2019, the trial court denied Kinney's motion. *See People v.*

---

[1] Because Respondent has not filed the state-court record related to Kinney's motion for relief from judgment, the Court takes judicial notice of and garners much of this information from publicly available judicial records for the Genesee County Circuit Court, *see People v. Kinney*, Case No. 95-052345, and the Michigan Court of Appeals, *see People v. Kinney*, Case No. 351824. *See Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("It is well-settled that [f]ederal courts may take judicial notice of proceedings in other courts of record.") (internal quotations omitted).

*Kinney*, No. 95-052345, Dkt. Entry No. 144 (Genesee Cty. Cir. Ct. Oct. 29, 2018). The Michigan Court of Appeals subsequently denied leave to appeal. *People v. Kinney*, No. 351824, Dkt. Entry No. 12 (Mich. Ct. App. March 18, 2020). But on May 18, 2020, the Michigan Court of Appeals granted Kinney's motion for reconsideration and granted leave to appeal. *People v. Kinney*, No. 351824, Dkt. Entry No. 14 (Mich. Ct. App. May 18, 2020).

## DISCUSSION

Kinney's petition advanced arguments based upon the Supreme Court's decisions in *Miller*, which held that a mandatory non-parolable life sentence for juvenile offenders violated the Eighth Amendment, and *Montgomery*, that held that *Miller* is retroactive on collateral review. *See* ECF 7-1. The same claims are the subject of an appeal currently pending before the Michigan Court of Appeals, and the pending appeal is the first time Kinney has raised claims based upon *Montgomery's* retroactive application of *Miller* in state court. These claims, therefore, are unexhausted.

A state prisoner must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1). A prisoner exhausts state remedies by presenting the factual and legal basis for each claim to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). The exhaustion requirement "reduces friction between state and federal courts systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction

4

without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation omitted; alteration in original). To avoid this unseemliness, the Court will defer action on the pending petition until the state court has had an opportunity to rule on the matter. *Id.*

When a petition raises unexhausted claims, the Court may hold the proceeding in abeyance pending exhaustion of state court remedies if there is good cause for the failure to exhaust, if the unexhausted claims are not plainly meritless, and if there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). Here, Kinney's claims are not plainly meritless and are based upon a new rule of law previously unavailable. And there is no indication that Kinney is attempting to unfairly delay this or the state court proceedings. Further, dismissal of the petition might render a future petition untimely. For these reasons, the Court will stay the petition and hold further proceedings in abeyance while Kinney completes exhaustion of state court remedies.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's habeas petition [7-1] is **STAYED** and further proceedings in this matter held in **ABEYANCE**. If Petitioner is unsuccessful in state court and wishes to proceed with this petition, he must file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively **CLOSE** this case.

**SO ORDERED.**

                                                      s/ Stephen J. Murphy, III
                                                      STEPHEN J. MURPHY, III
                                                      United States District Judge

Dated: May 28, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2020, by electronic and/or ordinary mail.

                                                      s/ David P. Parker
                                                      Case Manager